UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROY GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 08-1253 JEM<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On September 19, 2008, Roy Gonzalez ("plaintiff") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), both parties filed consents to proceed before this Magistrate Judge. On June 8, 2009, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

After reviewing the pleadings, transcripts and administrative record ("AR"), the Court concludes that the decision of the Commissioner is reversed and remanded for further proceedings in accordance with law and with this Memorandum and Order.

**BACKGROUND**

Plaintiff is a 56 year old male who received SSI disability benefits from 1994 to 2000. (AR 437.) These benefits were terminated in 2000 when he was incarcerated. (AR 403-04.) Claimant was released from prison on August 9, 2005. (AR 84.) He filed an application for SSI disability benefits on August 12, 2005, alleging disability since 1997. (AR 312.) He has had no substantial gainful activity since 1997. (AR 12.)

Plaintiff appeared before U.S. Administrative Law Judge Joseph D. Schloss ("ALJ") on August 3, 2006. (AR 10.) An unfavorable decision issued on October 24, 2006. (AR 10-15). A timely Request for Review was filed with the Appeals Council on November 7, 2006. (AR 6). The Appeals Council declined to review the matter and civil action EDCV 07-381 JTL commenced in the United States District for the Central District of California, Eastern Division, on March 26, 2007.

On October 29, 2007, the parties filed a Stipulation to Voluntary Remand pursuant to sentence four of 42 U.S.C. § 405(g). (AR 327-28.) The District Court signed an order that same date remanding the action to the Commissioner for further proceedings. (AR 326.) Thereafter, the Appeals Council on December 8, 2007, directed the ALJ on remand to address plaintiff's mental condition and the opinions of medical sources, consider the possibility of a substance abuse problem, reevaluate plaintiff's credibility, and reevaluate plaintiff's residual functional capacity ("RFC"). (AR 332.)

The claimant appeared and testified at a de novo hearing on May 22, 2008, in San Bernardino, California. (AR 312.) A second unfavorable decision issued on July 7, 2008. (AR 312-20.) The ALJ determined that plaintiff's mental impairment was non-severe and that the plaintiff's history of polysubstance abuse was not an independent basis for disability. (AR 317, 320.) The ALJ therefore concluded that the claimant has not been under a disability since August 5, 2005, the date the application was filed. (AR 320.)

///

The Appeals Council declined to review the ALJ's decision. Plaintiff commenced this action on September 12, 2008.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as grounds for reversal and remand are as follows:

1. Whether the ALJ complied with the Appeals Council remand order to properly consider the plaintiff's medical condition and properly developed the record regarding plaintiff's' mental condition.

2. Whether the ALJ complied with the Appeals Council remand order to make proper credibility findings.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citations omitted). This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).

///
///

**DISCUSSION**

The Court concludes that the ALJ, in determining that plaintiff is not disabled, failed to develop the record fully and fairly, failed to address issues and evidence and failed to apply governing legal standards in evaluating the evidence.

**A.      The Sequential Evaluation**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 § C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is

established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

## B. The ALJ's Step Two Determination

At step two of the five step sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen v. Yuckert, 482 U.S. at 140-141. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two inquiry is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-154. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. Smolen, 80 F.3d at 1290; SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

The ALJ determined that the plaintiff suffers from the medically determinable impairment of anxiety disorder. (AR 314.) The ALJ, however, concluded that this mental condition was not severe. Id.

## C. The ALJ's Duty to Develop the Record

Plaintiff asserts that the ALJ failed to develop the record fully. In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen v. Chater, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The ALJ has a basic duty to inform himself about facts relevant to his decision. Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring).

The ALJ's duty to develop the record exists even when the claimant is represented by counsel. Tonapetyan, 242 F.3d at 1150. The ALJ's duty to develop the record fully is heightened where the claimant may be mentally ill. Id.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150. The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing or keeping the record open after the hearing to allow supplementation of the record. Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

Claimant's treating psychiatrist, Dr. Dau Nguyen at the San Bernardino County Department of Behavioral Health, diagnosed claimant on February 21, 2006, as suffering from psychotic disorder NOS, bipolar disorder, polysubstance dependence in remission, and adult antisocial behavior. (AR 275.) This diagnosis was accompanied by a mental status examination, which indicated a short term memory problem with dates and names, cognitive deficits due to fear and delusions, some paranoia, and mood swings from depression to hypomania to mild mania. (AR 13, 271-274.) This examination was a clinical assessment. (AR 273.)

Dr. Nguyen saw claimant several times in 2006. On April 8, 2006, Dr. Nguyen administered a mental status examination reporting that claimant was depressed and anxious. (AR 270.) He also reported an episode of mania. (AR 269.) Dr. Nguyen again diagnosed claimant as suffering from bipolar disorder, polysubstance dependence in remission and adult antisocial behavior. (AR 270.) Dr. Nguyen saw claimant again on July 1, 2006, reporting claimant as depressed and observing constricted affect. (AR 278.) Dr. Nguyen saw claimant again on August 1, 2006, reporting panic attacks and observing constricted affect. (AR 367.) Dr. Nguyen saw claimant next on September 2, 2006, reporting anxiety and depression. (AR 366.) Dr. Nguyen saw claimant again on November 7, 2006, reporting mood swings, angry outbursts and panic attacks. (AR 365.)

Throughout 2006, Dr. Nguyen prescribed various psychotropic medications, including Klonopin and Serraquil.  Claimant says that he has been taking psychotropic medications since he was 27 years old.  (AR 372.)  He was taking Zoloft and Klonopin in 2008.  (AR 372.)

The Appeals Council noted that the claimant's social worker Thomas Dennison sent a letter in April, 2004 stating that Dr. Nguyen had diagnosed a schizoaffective disorder, undifferentiated type, chronic with a GAF of 40.  (AR 331.)  This report was not in the record, although some of Dr. Nguyen's treatment notes are in the file.  (AR 331.)  The Appeals Council directed the ALJ to address further on remand claimant's mental condition and the opinions of medical sources.  (AR 332.)

The ALJ issued a subpoena to Dr. Nguyen to appear at the May 22, 2008 hearing in San Bernardino (AR 321-22) but Dr. Nguyen did not appear.  The ALJ stated that "in lieu of taking him to District Court, I'll just find that his records will not be given much credence because of his failure to comply with a subpoena request."  (AR 429.)  In his decision, the ALJ made the following statement:

> "I have as I did in the prior decision of October 24, 2006, considered all records from the treating psychiatrist, Dr. Nguyen.  <u>I felt they were not supported with objective testing, therefore, I believed personal testimony from Dr. Nguyen was necessary</u>.  On May 5, 2008 (see B section of the Exhibit file), I issued and served a subpoena for the personal appearance of Dr. Nguyen; however, he failed to appear.  I have no power to hold Dr. Nguyen in contempt and in order to have the issue addressed, it would take months as it would be necessary to go through our Regional attorney, to the Office of General Council, then to the United States Attorney's Office and finally into Federal District Court.  In my past experience this takes anywhere from 6 to 12 months.  Therefore, my decision is based on evidence of record."  (AR 316.)  (Emphasis added.)

The ALJ then gave reasons for giving little weight to Dr. Nguyen's opinion and diagnoses. Id.

The ALJ committed legal error in not pursuing the basis of Dr. Nguyen's testimony further. Dr. Nguyen's diagnoses, if substantiated, obviously indicate more severe mental impairments than determined by the consulting psychologists who testified, diagnoses that could satisfy the de minimis step two inquiry of more than a slight abnormality that has no more than a minimal effect on claimant's ability to work. Smolen, 80 F.3d at 1290. Treating physician opinions are entitled to "special weight," Embrey v. Bowen, 849 F2d 418, 421 (9th Cir. 1988), indeed the "greatest weight." Orn v. Astrue, 495 F.2d 625, 632 (9th Cir. 2007). Greater weight is given treating physician opinions because treating physicians are "employed to cure and thus have the greatest opportunity to know and observe the patient . . . ." Smolen, 80 F.3d at 1285; see also Orn, 495 F.3d at 633 (treating relationship provides a "unique perspective"). Thus, Dr. Nguyen's opinions were critical to this case. Also, the Appeals Council had directed the ALJ to address those opinions. (AR 332.)

The ALJ indicated that the record was not complete or adequate to evaluate Dr. Nguyen's opinion and diagnoses (AR 316), triggering a duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288. The ALJ issued a subpoena to secure Dr. Nguyen's testimony. When he did not appear, the ALJ should have continued the hearing and if necessary pursued Dr. Nguyen through the District Court which the ALJ says would have taken only 6 to 12 months. (AR 316.) This is particularly true given the importance of Dr. Nguyen's opinions as the treating physician. Having failed to develop the record regarding Dr. Nguyen's opinion, the ALJ could not then reject that opinion. Smolen, 80 F.3d at 1288.

The ALJ also erred in not subpoenaing the notes and records of social worker Thomas Dennison which may contain a report and additional treatment notes by Dr. Nguyen, indicating a schizoaffective disorder not otherwise mentioned in Dr. Nguyen's available treatment notes. Yet, at the May 22, 2008 hearing, the ALJ

indicated that, because the notes had not been provided, the case would be decided without the notes.  (AR 427-28.)  In his decision, the ALJ put on the claimant the obligation to produce the social worker's notes (AR 316-17), but the ALJ cannot avoid his independent, special duty to develop the record fully and fairly regarding Dr. Nguyen's diagnoses.  The ALJ should have subpoenaed the social worker's notes.

There was another compelling reason for further inquiry of Dr. Nguyen.  The ALJ concluded that there was but one impairment, i.e., anxiety disorder.  Yet several other medical professionals in this case diagnosed multiple mental impairments or possible multiple impairments. The step two inquiry requires the Commissioner to consider whether a claimant's combination of impairments meets or equals a listed impairment in 20 C.F.R. 404, Support B, App. 1.   20 C.F.R. § 404, 1520(d); Lester v. Chater, 81 F.3d 821, 828-29 (9th Cir. 1995).  The claimant's illnesses "'must be considered in combination and must not be fragmentized in evaluating their effects.'"  Beecher v. Heckler, 756 F.2d 693, 694-695 (9th Cir. 1985) (quoting Dressel v. Califano, 558 F.2d 504, 508 (8th Cir. 1977)).  The ALJ must consider the combined effect of all of a claimant's impairments on his or her ability to function "without regard to whether each alone was sufficiently severe."  Smolen, 80 F.3d at 1290.

The record in this case implicates five possible impairments: 12.03 (schizophrenic or psychotic disorders), 12.04 (affective disorders), 12.06 (anxiety disorders), 12.08 (personality disorders) and 12.09 (substance addiction disorders).  As already noted, Dr. Nguyen diagnosed psychotic disorder, bipolar disorder and polysubstance dependence in remission.  State agency psychiatrists in September, 2005 diagnosed anxiety disorder under 12.06 and substance addiction disorder under 12.09.  (AR 237.)  Prison psychiatrists in 2002-05 diagnosed depression disorder, psychotic disorder and opiate dependence.  Dr. Goldman diagnosed mood disorder and personality disorder.  (AR 374.)  Dr. Malacharuvil had a mood disorder under 12.04 and possibly a 12.09 substance dependence condition.  The ALJ determined that claimant has the impairment of anxiety disorder.

The ALJ did not offer any analysis of whether the claimant suffered from a combination of impairments.[1] The ALJ did not acknowledge or discuss the consulting psychologist's diagnosis of personality disorder, which was error. SSR 96-5p ("adjudicators must always carefully consider medical source opinions about any issue"). The ALJ stated "The examiner diagnosed: malingering, opiate dependence in full sustained remission per claimant's report and mood disorder, not otherwise specified." (AR 318.) Curiously, the ALJ omitted reference to Dr. Goldman's diagnosis of "personality disorder NOS with antisocial features." (AR 374.) The ALJ addressed substance abuse only as independent basis for disability. (AR 317.) Most importantly, he did not make further inquiry of Dr. Nguyen's diagnoses which could impact the required step two combined effects analysis of severity.

### D. Harmless Error

An ALJ may reject the opinion of a treating physician that conflicts with that of an examining physician but must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Bray v. Comm'r, 554 F.3d 1219, 1228 (9th Cir. 2009); Thomas v. Barnhart, 278 F.3d 947, 956-57 (9th Cir. 2002). The ALJ provided four reasons for rejecting Dr. Nguyen's opinion and diagnoses. The Court must evaluate these reasons to determine whether the ALJ's failure to develop a complete record constituted harmless error. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (ALJ will not be reversed for harmless error).

#### 1. Lack of Objective Testing

First, the ALJ concluded that Dr. Nguyen's records were "not supported by objective testing." (CAR 316.) He states that Dr. Nguyen "administered no psychological testing and offered no clinical findings to support his opinions or diagnoses." Id. He concludes that, because Dr. Nguyen's opinions/diagnoses are not

---

[1] The ALJ does make a generalized statement without more that the claimant does not have a severe combination of impairments (AR 314) but such generalized statements lack the level of specificity required by the Ninth Circuit. Embrey, 849 F.2d at 421.

10

based on "clinical or objective evidence," they "obviously were based largely on claimant's account of his symptoms and limitations." Id. The ALJ noted that this observation was supported by the opinion of consulting psychologist Dr. Malancharuvil. Id.

The ALJ applied an improper legal standard in giving "little weight" (AR 316) to Dr. Nguyen's testimony because of a lack of objective psychological testing. Psychiatric impairments are not as amenable to substantiation by objective laboratory testing as are physical impairments. Hartman v. Bowen, 636 F. Supp. 129, 131-132 (N.D. Cal. 1986). The diagnostic techniques necessarily will be less tangible. Lebus v. Harris, 526 F. Supp. 56, 60 (N.D. Cal. 1981). Mental disorders cannot be "ascertained and verified" like physical ailments. Hartman, 636 F. Supp. at 132. Thus, in the case of mental illness, clinical and laboratory data may consist of "the diagnoses and observations of professional psychiatrists and psychologists." Id. Additionally, the Ninth Circuit requires that the Commissioner must give proper weight to the subjective elements of a physician's opinion. Embrey, 849 F.2d at 422.

Thus, Dr. Nguyen's opinions cannot be rejected for lack of objective psychological testing. As the treating physician who saw the claimant frequently in 2006, Dr. Nguyen's clinical observations, subjective judgments and diagnoses cannot be disregarded, even were it true that no objective psychological testing was done.

The record regarding Dr. Nguyen's diagnoses, however, discloses clinical assessments (AR 271-274), mental status examinations (AR 275) acknowledged by the ALJ (AR 318), and GAF scores according to the social worker (AR 315). So it is not accurate to say that no clinical evaluation occurred. Dr. Nguyen's personal testimony, moreover, could have clarified the basis of his opinions and the extent of clinical testing performed and the extent to which he was relying on claimant's accounts of his symptoms and limitations.

*///*
*///*

### 2.  Contradictory Progress Notes

The ALJ's second reason for rejecting Dr. Nguyen's opinions is that his progress notes are inconsistent with his diagnosis of a psychotic or schizoaffective disorder (AR 316), but this inconsistency is an ambiguity in the record that the ALJ has the responsibility to resolve through further inquiry.  The record does not contain Dr. Nguyen's report, all of his notes or his testimony, which may clarify the bases for his diagnoses.

### 3.  Inconsistent With Other Evidence

The ALJ's third reason for giving little weight to Dr. Nguyen's opinion is that Dr. Nguyen's diagnosis is inconsistent with other substantial evidence in the record.  The ALJ specifically cites the December 16, 2005, report of the consulting psychiatric examiner Dr. Yang and the February 2008 report of the consulting psychological examiner Dr. Kim Goldman.  (AR 316.)  Neither of these reports found evidence of a psychotic disorder, although Dr. Goldman did diagnose a personality disorder.  (AR 374.)  The fact that other evidence conflicts with Dr. Nguyen's diagnoses is not a reason for the ALJ to fail to develop the record fully as to Dr. Nguyen's diagnoses.  Rather, the conflict in evidence is a reason for developing a complete record.  The ALJ is not in a position to weigh the conflicting medical opinions until he knows the bases of Dr. Nguyen's diagnoses.

The ALJ must weigh the opinions of a treating physician using all of the factors in 20 C.F.R. § 404.1527, such as the length of the treatment relationship, frequency of examination and the nature and extent of the treatment relationships.  The evaluations of claimant by two consulting examiners cited by the ALJ are legitimate evidence, but both were done at one point in time.  Dr. Nguyen, on the other hand, saw the claimant for nearly a year. "Generally, the longer a treating source has treated [the plaintiff] and the more times [plaintiff] has been seen by a treating source, the more weight . . . will [be given] to the source's medical opinion."  20 C.F.R. § 404.1527(d)(2)(I).  Again, Dr.

Nguyen's testimony, report and complete records were critical and required further inquiry.

The Court expresses no view on the merits of the conflicting evidence nor may this Court second guess the ALJ's evaluation of the evidence once the record is complete. It is the ALJ's responsibility to resolve conflicts in the evidence but only after the record is fully and fairly developed.

### 4. Malingering

The ALJ's last reason for giving little weight to Dr. Nguyen's diagnoses is that Dr. Nguyen was "apparently ignorant of the fact that the claimant is a proven malingerer." (AR 316.) In February 2008, Dr. Goldman reported that claimant did not make an adequate effort on psychological tests and diagnosed him as "malingering." (AR 374.) She nevertheless diagnosed claimant with mood disorder and personality disorder with antisocial features. Id.

There is legitimate evidence that claimant failed to cooperate with testing, but the ALJ's characterization of the claimant as a "proven malingerer" based on Dr. Goldman's opinion is too strong. The 2008 incident also has little to do with Dr. Nguyen's course of treatment in 2006 and is not a sufficient justification to forego obtaining Dr. Nguyen's personal testimony, report and complete treatment notes. The ALJ also does not explain how or why this incident in 2008 would affect the weight to be given to Dr. Nguyen's diagnoses in 2006. Dr. Nguyen did not report that claimant was uncooperative in 2006. Dr. Nguyen, having observed claimant for 10 months, had substantial experience with claimant, and thus was in a position to judge whether he was a malingerer.

### 5. Harmless Error

Based on the foregoing, this Court concludes that the ALJ's failure to develop the record fully was not inconsequential to the ultimate disability determination, and thus not harmless. Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Until the record is complete, there is no need to address the residual functional analysis which will have to

be reconsidered in light of this Memorandum Opinion and any new evidence that is adduced.

### E. Credibility

The second issue raised by plaintiff is whether the ALJ made proper credibility findings. Because the Court is remanding for further proceedings, there is no need to address that issue here.

### F. Remand is Required to Remedy Defects in the ALJ's Decision

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ should take appropriate steps to secure Dr. Nguyen's testimony, reports and records and to subpoena the files and notes of the social worker. The ALJ should consider whether the claimant has multiple impairments and whether any impairment(s) meet or equal the listings in Appendix 1.

### ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 3, 2009.                    /s/ John E. McDermott
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE